UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILFORD WADE BYRD,

    Petitioner,

v.        CASE NO. 8:96-cv-771-T-23TGW
        (Death Case)

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

The respondent moves (Doc. 62) for reconsideration of the earlier order (Doc. 61) staying and administratively closing this case pending the disposition of *Hurst v. Florida*, 135 S. Ct. 1531 (2015) (granting the writ of *certiorari*). The petitioner opposes the motion (Doc. 63).

Under Rule 60(b)(6), Federal Rules of Civil Procedure, the respondent argues entitlement to relief from the earlier order. Permitting relief for "any other reason that justifies relief," Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005).

The respondent has not demonstrated an "extraordinary circumstance" warranting Rule 60(b)(6) relief. A district court has inherent authority to stay an action pending resolution of another action. *See Trujillo v. Conover & Co. Commc'ns,*

*Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000). *See also Rice v. Astrue*, 2010 U.S. Dist. LEXIS 94216, 2010 WL 3607474, *2 (D. S.C. Sept. 9, 2010) ("a federal court has the inherent power to stay, *sua sponte*, an action before it . . . pending resolution of independent proceedings [that] bear upon the case").

The Supreme Court granted a writ of *certiorari* in *Hurst* to address "whether Florida's death sentencing scheme violates the Sixth Amendment or the Eighth Amendment in light of this Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002)." The petitioner's amended petition raises a *Ring* claim.* Although *Schriro v. Summerlin*, 542 U.S. 348 (2004), finds that *Ring*'s is not retroactive, *Hurst*'s retroactivity is unknown because *Ring* was based on the Sixth Amendment, not the Eighth Amendment. Additionally, although *certiorari* was granted specifically on the applicability of *Ring*, one of the issues briefed in *Hurst* challenges Florida's permitting the jury to find an aggravating circumstance without expressly and unanimously identifying a specific aggravating circumstance.

As stated in the earlier order (Doc. 61 at 2), "The wise preservation of both public and private resources commends a cessation in these proceedings until the Supreme Court's determination in *Hurst*."

---

* "In *Ring*, the Court held that an aggravating factor necessary for imposition of the death penalty has to be found by a jury; it cannot be determined by the sentencing judge." *United States v. Brown*, 441 F.3d 1330, 1367 (11th Cir. 2006) (citing *Ring*, 536 U.S. at 609).

Accordingly, the petitioner's motion for reconsideration (Doc. 62) is **DENIED**.

ORDERED in Tampa, Florida, on October 21, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE